1
2
3
4
5
6
7
8
9
10            UNITED STATES DISTRICT COURT

11                EASTERN DISTRICT OF CALIFORNIA

12
RAMIRO GARZA,                        )    1:07-CV-00708 AWI NEW (DLB) HC
13                                   )
                 Petitioner,         )    FINDINGS AND RECOMMENDATION
14                                   )    REGARDING PETITIONER'S FAILURE TO
        v.                           )    FOLLOW A COURT ORDER
15                                   )
                                     )    [Doc. #6]
16   ON HABEAS CORPUS,               )
                                     )
17               Respondent.         )
                                     )
18   _____)

19   _____Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.

21        On May 14, 2007, the instant matter was transferred to this Court from the Central District of

22   California. Following a preliminary review of the petition, it was discovered that Petitioner had not

23   signed the petition under penalty of perjury. In addition, Petitioner had failed to name a proper

24   respondent. Therefore, on June 4, 2007, Petitioner was granted leave to file a motion to amend the

25   petition to name a proper respondent. Petitioner was further directed to submit a declaration that he

26   filed the instant petition, and he was directed to sign the declaration under penalty of perjury.

27        The time for complying with both court orders has now passed, and Petitioner has failed to

28   comply or respond in any manner.

1

**DISCUSSION**

2    Local Rule 11-110 provides that "a failure of counsel or of a party to comply with these Local

3    Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

4    sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

5    control their dockets and "in the exercise of that power, they may impose sanctions including, where

6    appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.

7    1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

8    action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v.

9    Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

10   Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

11   requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

12   (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of

13   address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

14   comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

15   lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an

16   action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the

17   court must consider several factors: (1) the public's interest in expeditious resolution of litigation;

18   (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

19   policy favoring disposition of cases on their merits; and (5) the availability of less drastic

20   alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61;  Malone, 833 F.2d at 130;

21   Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

22   In the instant case, the Court finds that the public's interest in expeditiously resolving this

23   litigation and the Court's interest in managing the docket weigh in favor of dismissal because this

24   case has been pending in this Court since May 14, 2007.  The third factor, risk of prejudice to

25   defendants, also weighs in favor of dismissal because a presumption of injury arises from any

26   unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.

27   1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly

28   outweighed by the factors in favor of dismissal.  Finally, a court's warning to a party that his failure

1  to obey the court's order will result in dismissal satisfies the "consideration of alternatives"

2  requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The

3  Court's orders were clear that dismissal would result from non-compliance.

4                                        **RECOMMENDATION**

5          Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for lack

6  of jurisdiction and for Petitioner's failure to comply with a court order.

7          This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

8  States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

9  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

10  California.  Within thirty (30)  days  after being served with a copy, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall

13  be served and filed within ten (10) court days (plus three days if served by mail) after service of the

14  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

15  § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

16  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17          IT IS SO ORDERED.

18      **Dated:    July 21, 2007                              /s/ Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE